# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:96cr54-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| EUGENE KENNY SMITH. | ) |

**THIS MATTER** is before the Court on a Petition for Modification of the Conditions or Term of Supervision [Doc. 131] and the Defendant's Motion to Dismiss [Doc. 135]. The Court held a hearing on these matters on August 22, 2011.

The Defendant was charged with conspiracy against rights, in violation of 18 U.S.C. § 241 (Count One); use of force or threat to deny benefits or rights, and aiding and abetting the same, in violation of 42 U.S.C. § 3631(b)(1) and 18 U.S.C. § 2 (Count Two); and use of fire to commit a conspiracy against rights, and aiding and abetting the same, in violation of 18 U.S.C. § 844(h)(1) and 18 U.S.C. § 2 (Count Three). [Doc. 3]. On September 24, 1997, the Defendant was sentenced to 120 months of imprisonment on Count One; twelve months of imprisonment on Count

Two, to run concurrently with Count One; a term of 60 months of imprisonment on Count Three, to be served consecutively to the terms imposed for each of Counts One and Two; three years of supervised release on each of Counts One and Three; and one year of supervised release on Count Two, with all such terms to run concurrently. [Doc. 94]. The Defendant was also ordered to reimburse the Government for court-appointed attorney fees. [Id.]. According to the schedule of payments set forth in the Judgment, payment of the total fine and other criminal monetary penalties were due "in full immediately." [Id.].

The Defendant was released from prison, and his supervised release term began on February 4, 2010. Since his release, the Defendant has maintained that he should not be held responsible for the court-appointed attorney fee obligation because the Court did not set a payment schedule at the time of sentencing. The Defendant's position prompted the Probation Office to file the present petition to modify the conditions of supervision. [Doc. 131]. The Defendant, in turn, moved to dismiss the Probation Office's Petition. [Doc. 135].

At the hearing, the parties stipulated that the Defendant is in default of his obligation to pay court-appointed attorney fees and that there has

been a change in the Defendant's economic circumstances which warrants modifying the payment schedule for such fees. In accordance with these stipulated facts, the parties agree that the Defendant's conditions of supervised release should be modified to require the Defendant to pay a minimum of $50 per month toward his unpaid financial obligations.

In light of the parties' stipulation and agreement as set forth above, and for the reasons stated in open court,

**IT IS, THEREFORE, ORDERED** that the Petition for Modification of the Conditions or Term of Supervision [Doc. 131] is **DISMISSED** and the Defendant's Motion to Dismiss Petition for Modification of Conditions of Supervision [Doc. 135] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendant's conditions of supervised release are **MODIFIED** to require the Defendant to pay a minimum of $50 per month toward the reimbursement of court-appointed attorney fees, with such payments to commence within sixty (60) days of the date of this Order.

**IT IS SO ORDERED**.

Signed: August 30, 2011

Martin Reidinger
United States District Judge